# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP DEWAYNE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21 CV 8 MTS |
| | ) | |
| OFFICER WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Arkansas State prisoner Phillip Dewayne Stewart, prison registration number 151956, for leave to commence this civil action without prepayment of the filing fee. For the reasons explained below, the Court will deny the motion, and dismiss this case without prejudice to the filing of a fully paid complaint.

The Prison Litigation Reform Act of 1996 ("PLRA") provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of Plaintiff's litigation history in the Arkansas district courts shows he has accumulated three "strikes" for purposes of § 1915(g).[1] Additionally, the United States Court of

---

[1] *See Stewart v. Brewer*, No. 3:20-cv-52-KGB (E.D. Ark. Nov. 4, 2020) (noting plaintiff was subject to § 1915(g)); *see also Stewart v. Hobbs*, No. 5:13-cv-381-JLH (E.D. Ark. Jan. 31, 2014); *Stewart v. Evans*, No. 5:16-cv-81-DPM (E.D. Ark. Mar. 24, 2016); *Stewart v. Griffen*, No. 4:17-cv-579-BRW (E.D. Ark. Sep. 14, 2017); *Stewart v. Hobbs*, No. 6:15-cv-6023 (W.D. Ark. Jan. 26, 2016).

Appeals for the Eighth Circuit has recognized that Plaintiff is subject to 28 U.S.C. § 1915(g), and on that basis has determined he may not proceed on appeal without prepayment of the appellate filing fee.[2] Accordingly, this Court may grant Plaintiff leave to proceed *in forma pauperis* only if his allegations show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the complaint, Plaintiff claims that in 1998, the defendant subjected him to unlawful arrest, harassed him and failed to read the *Miranda* warnings. Plaintiff's allegations do not establish that he is under imminent danger of serious physical injury. He therefore may not proceed *in forma pauperis* in this action. The Court will therefore deny Plaintiff's motion for leave to proceed *in forma pauperis* and will dismiss this case without prejudice to the filing of a fully paid complaint. *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [3], is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully paid complaint.  A separate order of dismissal will be entered herewith.

Dated this 12th day of April, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] *See Stewart v. Griffin*, No. 20-2514 (8th Cir. Nov. 16, 2020) and *Stewart v. Evans*, No. 16-3278 (8th Cir. Nov. 8, 2016).